UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

v.                                       NO. 03-373

LUIS ALONSO RODRIGUEZ-GUTIERREZ          SECTION "F"

ORDER AND REASONS

Before the Court is Luis Alonso Rodriguez-Gutierrez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the reasons that follow, the defendant's motion is DENIED.

Background

In December 2003, the defendant pled guilty to one count of illegal reentry of a deported alien previously connected of an aggravated felony, in violation of 8 U.S.C. § 1326(a). The indictment included a sentence enhancement under 8 U.S.C. § 1326(b)(2) arising out of Rodriguez-Gutierrez's October 1994 conviction for the aggravated felony of delivery of cocaine in the Superior Court of Washington for King County, Washington. Because the defendant pled guilty as charged, the government moved for a three-level decrease in offense level.

1

The Court sentenced the defendant in April 2004 to a 96-month term of imprisonment, a three-year term of supervised release, and a $100 special assessment.  The Court ordered that the sentence run consecutive to an anticipated but not yet imposed sentence for revocation of supervised release.

In April 2004, the defendant filed a timely notice of appeal, arguing that the Court lacked authority to order a consecutive sentence under 18 U.S.C. § 3584(a).  In January 2005, the Fifth Circuit upheld the conviction, ruling that the Court's consecutive sentence did not constitute plain error.

In May 2005, based on its holding in United States v. Booker, 543 U.S. 220 (2005), the United States Supreme Court vacated the defendant's sentence and remanded to the Fifth Circuit for further consideration.  In October 2005, the Fifth Circuit again upheld the conviction, ruling that any Booker error did not affect the defendant's substantial rights, precluding a finding of plain error.

This is the first Section 2255 petition the defendant has filed.  For the first time, the defendant argues that Sections 1326(a) and (b)(2) are separate offenses and that it is unconstitutional to use a prior conviction to increase his punishment.  The defendant now seeks to vacate his sentence and re-sentence him to a period of no more than two years allowed by 8 U.S.C. § 1326(a).

I.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), there is a one-year statute of limitations for filing habeas petitions.  The statute of limitations under the AEDPA is not jurisdictional, however, and is subject to equitable tolling, but only in "rare and exceptional circumstances."  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  The defendant was sentenced on April 28, 2004, but took advantage of the direct appellate process. His judgment did not become final until October 2005, when the Fifth Circuit upheld the defendant's conviction on remand from the United States Supreme Court.  The statute of limitations begins to run on the date on which the judgment of conviction becomes final, so the defendant's petition for collateral review is timely.

II.

"[A] defendant can waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary." United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  This requires that the defendant "know that he had a right to appeal his sentence and that he was giving up that right." United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994) (quoting United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992)) (internal quotes omitted).

In certain limited circumstances, however, a defendant can avoid his waiver of appeal.  An ineffective assistance of counsel

claim may survive the waiver of appeal, if the claim directly addresses the voluntariness of the waiver or the validity of the plea. See United States v. White, 307 F.3d 336, 337 (5th Cir. 2002). A defendant can also avoid a waiver of appeal if the government breaches the plea agreement. See United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002).

As part of his plea agreement, the defendant expressly waived his right to appeal or contest his sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255, with the exception that the defendant reserved the right to appeal "any punishment imposed in excess of the statutory maximum."  Here, the defendant challenges the constitutionality of Sections 1326(a) and (b)(2) and maintains that his imposed punishment exceeds the statutory maximum allowed under Section 1326(a).

### III.

Where a defendant who had an opportunity to raise an issue on a direct appeal failed to do so, he is procedurally barred from raising that issue on collateral review unless he can show both "cause" for failing to raise the issue on direct appeal and "actual prejudice" flowing from the errors alleged or "actual innocence" of the crime for which he was convicted. United States v. Sorrells, 145 F.3d 744, 749 (5th Cir. 1998)(citing Bousley v. United States, 523 U.S. 614, 622 (1998)).

The defendant does not contend that he is innocent of the crime for which he was convicted.  The defendant instead would like to show "cause" for failing to raise the issue on direct appeal and "actual prejudice" flowing from the errors alleged.  The defendant contends that the grounds for his motion were not presented before because "prevailing Supreme Court cases supported the practice until now."

The defendant argues that Sections 1326(a) and (b)(2) are separate and distinct offenses and that it is unconstitutional to use a prior conviction to increase his punishment.  This argument was rejected by the Supreme Court in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held that a prior conviction is not an element of an aggravated recidivist offense.  The Almendarez-Torres Court stated that the enhanced penalty for illegal re-entry following a prior felony or aggravated felony conviction contained in § 1326(b) is a sentencing factor and not an element of a separate offense.  Id.  "[Section 1326(b)] is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist."  Id. at 236.

The defendant believes that the Supreme Court will now reverse this holding in deciding Cerna-Salguero v. United States, 399 F.3d 887 (8th Cir. 2005), a case on appeal involving the same facts as this case.  But the Supreme Court denied certiorari in Cerna-Salguero on June 20, 2005.

Because prevailing Supreme Court precedent continues to support the practice of enhancing sentencing for recidivists under §§ 1326(a) and (b)(2), that excuse is irrelevant to the question of waiver.  Therefore, the defendant is procedurally barred from raising the issue of the constitutionality of §§ 1326(a) and (b)(2) on collateral review.

Accordingly, the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is DENIED.

New Orleans, Louisiana, October 10, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE